# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 16-41714
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

December 19, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TONIE JO ANN GONZALEZ-PACHECO,

Defendant-Appellant

————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:16-CR-586-3

————

Before STEWART, Chief Judge, and ELROD and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Tonie Jo Ann Gonzalez-Pacheco pleaded guilty without the benefit of a plea agreement to conspiracy to transport undocumented aliens within the United States and to four counts of the transportation of undocumented aliens within the United States for the purpose of commercial advantage and private financial gain. The district court varied upwardly from the 15-to-21-month

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

advisory sentencing guidelines range and sentenced Gonzalez-Pacheco to 24 months of imprisonment and three years of supervised release for each count, to run concurrently.

On appeal, Gonzalez-Pacheco argues that her sentence is procedurally unreasonable because the district court did not properly consider the 18 U.S.C. § 3553(a) factors at sentencing. She argues that the district court failed to consider her statements regarding her family circumstances and the low likelihood that she would reoffend, and thus the court did not consider the § 3553(a) factors involving her history and characteristics, her low risk of recidivism, or the need for just punishment. As Gonzalez-Pacheco concedes, because she did not raise this issue at sentencing, it should be reviewed for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 364 (5th Cir. 2009). The record does not suggest that the district court failed to consider these § 3553(a) factors. Moreover, a district court's implicit consideration of the § 3553(a) factors may be sufficient. *See United States v. Kippers*, 685 F.3d 491, 498 (5th Cir. 2012). Accordingly, Gonzalez-Pacheco has not demonstrated plain error. *See Mondragon-Santiago*, 564 F.3d at 364.

Gonzalez-Pacheco also argues that her sentence is procedurally unreasonable because the district court triple-counted her criminal history by considering it for her offense characteristics, her criminal history, and the upward variance. Because she did not raise this issue in the district court, we review it for plain error. *See id.* at 364. Double-counting a defendant's criminal history in guidelines calculations does not necessarily render a sentence unreasonable. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). Additionally, a district court may consider a defendant's prior convictions and sentences when varying upward. *See United States v.*

No. 16-41714

*Brantley*, 537 F.3d 347, 350 (5th Cir. 2008). Therefore, Gonzalez-Pacheco has not demonstrated plain error. *See Mondragon-Santiago*, 564 F.3d at 364.

Finally, Gonzalez-Pacheco argues that her sentence is substantively unreasonable. She contends that the upward variance based on her criminal history was unwarranted; that the increase in her sentence from probation for her previous offenses to 24 months for the instant offense was too harsh; that adequate deterrence and protection of the public could have been accomplished with a lower sentence due to low rates of recidivism for similar defendants; that her lack of violent criminal history established that a 24-month sentence was not needed to protect the public; and that an upward variance based on her criminal history created an unwarranted sentencing disparity. Although we ordinarily review the substantive reasonableness of a sentence for abuse of discretion, *see Gall v. United States*, 552 U.S. 38, 51 (2007), Gonzalez-Pacheco's failure to object to the reasonableness of her sentence limits our review to plain error, *see United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

The record establishes that the district court properly considered the § 3553(a) factors at sentencing. Although Gonzalez-Pacheco's 24-month sentence is three months greater than the top of the 15-to-21-month guidelines range, we have upheld variances considerably greater than the increase to her sentence. *See, e.g.*, *Brantley*, 537 F.3d at 348-50. Given the significant deference that is due to a district court's consideration of the § 3553(a) factors and the district court's reasons for its sentencing decision, Gonzalez-Pacheco has not demonstrated that the district court committed plain error by imposing a sentence that is substantively unreasonable. *See Gall*, 552 U.S. at 50-53; *United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012); *Peltier*, 505 F.3d at 391-92.

Accordingly, the district court's judgment is AFFIRMED.